IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL R. BROWN,**

    Plaintiff,

vs.                                                           Civ. No. 08-655 MV/ACT

**DUANE CASTLEBERRY, Curry County
Magistrate, NEW MEXICO PROBATION &
PAROLE,**

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. 1983" removed to this Court on July 15, 2008. (Docket No. 1). On July 15, 2008, Defendants filed a Motion to Dismiss ("Motion"). (Docket No. 4). On November 17, 2008, the District Judge referred this matter for proposed findings and recommended disposition, and hearing if necessary. Docket No. 21. Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court finds that Defendants' Motion to Dismiss should be granted.

## PROPOSED FINDINGS

<u>Factual and procedural background</u>.

1.      Plaintiff alleges he is an inmate at Bernalillo County Metropolitan Detention Center. He further alleges that because of a "hold from Curry County....I have been unable to be released

on CCP,[1] for no good nor valid reason." Notice of Removal, Docket No. 1 at Exh. A, Complaint.

2. He asserts that in 1995 he received a dishonorable discharge and completed his probation owed to Curry County Adult Probation and Parole Department. He further asserts that in 2008 Curry County put a hold on him "in regards to criminal complaint in 1995 because of the frivolous charge of drinking while on probation." *Id*. He alleges that this warrant was issued outside the statute of limitations and was hindering his ability to participate in CCP from Bernalillo County Metropolitan Detention Center.

3. Finally, Plaintiff alleges these actions violated his Fifth and Fourteenth Amendments to the United States Constitution.

4. On August 18, 2008, the Court entered an Order to Show Cause noting that all mailings to Plaintiff had been returned to the Court undelivered, indicating he was not in custody and that Plaintiff had failed to advise the Court of his current address, as required by D.N.M.LR-Civ. 83.6. (Docket No. 12). Plaintiff responded notifying the Court of his new address and stating that he did not want his case to be dismissed. (Docket Nos. 14 and 15).

5. On September 30, 2008, the Court directed the Defendants to re-serve on Plaintiff the Motion to Dismiss filed July 15, 2008 and file a new Certificate of Service. (Docket No. 19). Defendants filed a Certificate of Service on October 1, 2008. (Docket No. 20). Plaintiff did not respond to the Motion to Dismiss.

Legal Analysis.

---

[1] Plaintiff does not explain the term "CCP" in his Complaint; however, Defendants "opine that CCP may stand for Court Coordination Program." Motion at 2, Docket No.4. The Court believes Plaintiff is actually referring to the Community Custody Program which allows for certain inmates to be released from the Bernalillo County Detention Center under monitoring and supervision.

6.	In considering a Rule 12(b)(6) motion to dismiss, the court "must accept all the well-pleaded allegations of the claim as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant." *Bell Atlantic Corp. v. Twombly*, 550 U.S.,___, 127 S. Ct. 1955, 1965 (2007); *Alvarado v. KOB-TV,L.L.C*., 493 F.3d 1210, 1215 (10th Cir. 2007). The Court "look[s] for plausibility in th[e] complaint." *Bell Atlantic Corp.*, 550 U.S. at ___, 127 S. Ct. at 1970.

7.	"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to plaintiff, but may disregard conclusory allegations without supporting factual averments. *Id*. at 1109-1110.

Judicial immunity.

8.	A judge enjoyed absolute immunity from damages arising out of actions taken in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judges are protected by absolute immunity for judicial acts, except when they act in the clear absence of all jurisdiction. *Id*. at 356,57, n.7; *Whitesel v. Sengenberger*, 222 F.3d. 861, 867 (10th Cir. 2000). "Few doctrines were more solidly established at common law than the immunity of judges from liability for acts committed within their judicial jurisdiction. "*Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985), citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

9.	It is not clear from Plaintiff's Complaint as to what Plaintiff alleges that Judge Duane Castleberry did to deprive him of his constitutional rights. It appears from Plaintiff's Complaint that Defendant Judge Castleberry signed a warrant putting a "hold" on Plaintiff. Nowhere in Plaintiff's

Complaint does Plaintiff assert that Judge Castleberry acted in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. at 356-57, n.7.  Judicial immunity permits judges the freedom to exercise their functions with independence and without fear of consequence, even when, as here, a dissatisfied litigant seeks another forum to obtain relief from the court's rulings.  *Pierson v. Ray*, 386 U.S. at 553-54.  Thus, the Court concludes that Plaintiff's complaint against Judge Castleberry should be dismissed with prejudice.

     Person under § 1983.

     10.    Plaintiff names the Division of Probation and Parole as a Defendant. He alleges that the Division of Probation and Parole violated his constitutional rights.   To prevail, Plaintiff just prove that a "person" acting under color of state law deprived him of a right guaranteed by the constitution or laws of the United States. 42 U.S.C. § 1983.  A Division of Probation and Parole, as an entity, is not a person."  *Martinez v. New Mexico Parole Board*, 1993 WL 137099, *2 (10th Cir. 1993) citing *Thompson v. Burke*, 556 F.2d 231, 232 (3rd. Cir. 1977).   Because Plaintiff's Complaint for damages is against a Division and not a person, the court concludes that Plaintiff's Complaint against the Division of Probation and Parole should be dismissed with prejudice.

     11.    The Court also notes that Plaintiff's Complaint wholly fails to allege what actions or omissions by this division deprived him of his constitutional right.   This is also grounds for dismissal of Plaintiff's Complaint.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (asserting "conclusory allegations without supporting factual averments are insufficient to state a claim").

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's "Civil Rights Complaint Pursuant to 42 U.S.C. 1983" removed to Federal Court on July 15, 2008, be dismissed with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these Proposed Findings and Recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**